**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANGEL E. VELAZQUEZ, individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>1. 46 LABS LLC,<br><br>Defendant. | ) | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## Introduction

1. Plaintiff Angel Velazquez ("Plaintiff") brings this action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 because Defendant 46 Labs, LLC ("Defendant") made numerous scam telemarketing robocalls to his cellular telephone number without his prior express consent and despite his registration of his phone number on the national do-not-call registry.

2. Plaintiff brings this action as a class action because Defendant made such calls to thousands of other individuals who likewise had not consented to receive them and had also registered their phone numbers on the national do-not-call registry.

3. Defendant made these calls in concert with entities based in Pakistan ("the Coztel entities") who target individuals within the United States.

4. As explained further below, Defendant took the steps necessary to physically place the calls, was extensively involved in making the calls, and knowingly and willfully violated the TCPA.

## Parties

5. Plaintiff is an individual person who resides in this district.

6. Defendant is an Oklahoma Limited Liability Company with a principal place of business in Dallas, Texas.

7. Defendant provides Voice of Internet Protocol (VOIP) services to overseas telemarketers who want to target U.S. consumers, including the Coztel entities.

8. The Coztel entities are a group of Delaware limited liability companies that are closely related, commonly owned, and operate in a joint enterprise to scam American consumers.

9. The Coztel entities operate in Pakistan and have no substantial physical presence in the United States.

10. The Coztel entities include Coztel LLC, Abvoiptel LLC, Ashvoip LLC, and Natechsol LLC.

11. As described below, Defendant provided the infrastructure, network, and platform ("Peeredge") that physically placed the calls on behalf of the Coztel entities.

## Jurisdiction & Venue

12. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this district.

## Factual Allegations

14. At all times relevant to this action, Plaintiff subscribed to cellular telephone service at the number 323-400-XXXX.

15. At all times relevant to this action, Plaintiff used this phone number for personal purposes, including inside his home.

16. On January 31, 2023, Plaintiff registered this phone number on the national do-not-call registry.

17. Since November 2024 to the present, Defendant has inundated Plaintiff's phone number with hundreds of prerecorded robocalls on behalf of the Coztel entities, attempting to scam Plaintiff by purporting to sell medical devices and insurance plans.

18. During these calls, a prerecorded voice offered these goods/services for sale, in a robotic manner.

19. Defendant physically placed these calls on behalf of the Coztel entities via the Peeredge platform; it both initiated and transmitted the calls to the recipients per the request of the Coztel entities.

20. In each of these calls, Defendant knowingly caused a fake phone number to appear on Plaintiff's caller ID to hide the source of the call per the instructions of the Coztel entities.

21. Plaintiff is not alone. Since November 2024, Defendant has placed hundreds of millions of calls to phone numbers in the United States on behalf of the Coztel entities each month.

22. Defendant likewise knowingly caused a fake phone number to appear on

caller ID on each of these calls to hide the source of the call per the instructions of the Coztel entities, utilizing millions of fake phone numbers to do so.

23. Given the use of a prerecorded voice, the vast majority of these calls resulted in quick hang ups and were substantially less than a minute in duration.

24. Given these large call volumes, the short call durations, and large scale caller ID spoofing, Defendant knew these calls utilized a prerecorded voice and knew the calls were unlawful.

25. Defendant injured Plaintiff by invading his privacy, wasting his time, and interfering with his use of his phone.

## Class Allegations

26. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings Counts One and Two set forth below on behalf of the following classes of persons or entities similarly situated throughout the United States.

27. The classes of persons Plaintiff proposes to represent are tentatively defined as:

DO NOT CALL LIST CLASS

> All persons within the United States to whom: (a) Defendant made at least two telephone solicitation calls during a 12-month period on behalf of a Coztel entity; (b) to a residential landline or cellular telephone number registered on the do-not-call list for at least 30 days prior to the first call; (d) since the date that is four years before the filing of this complaint.

PRERECORDED CLASS

> All persons within the United States to whom: (a) Defendant made one or more telephone calls on behalf of the Coztel entities (b) to a residential landline or

cellular telephone number; (c) through the use of a prerecorded voice; (d) since the date that is four years before the filing of this complaint.

28. The classes as defined above are identifiable through phone records and phone number databases.

29. The class members number in the hundreds of thousands. Individual joinder of these persons is impracticable.

30. Plaintiff is a member of the classes.

31. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

- Whether Defendant's calls are solicitations;
- Whether Defendant's calls utilized a prerecorded voice;
- Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call;
- Whether Defendant's conduct was knowing or willful.

32. Plaintiff's claims are typical of the claims of class members.

33. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

34. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

35. Common questions of law and fact predominate over questions affecting

only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

37. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One
### Violations of the TCPA's Do Not Call Provisions

38. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

39. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by making multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission,

40. Defendant's violations were knowing and willful.

### Count Two
### Violation of the TCPA's Automated Telemarketing Call Provisions

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. Defendant violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(B), 47 C.F.R. § 64.1200(a)(2), and 47 C.F.R. § 64.1200(a)(3) by making calls that includes an advertisement or constitutes telemarketing using a pre-recorded voice without prior express consent.

43. Defendant's violations were knowing and willful.

**Relief Sought**

44. For himself and all Classes members, Plaintiff requests the following relief:

- Certification of the proposed Classes;
- Appointment of Plaintiff as representative of the Classes;
- Appointment of the undersigned counsel as counsel for the Classes;
- An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, placing calls on behalf of any Coztel entity; and
- An award to Plaintiff and the Classes of statutory damages, as allowed by law

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED: May 7, 2026

LUKE WALLACE LAW GROUP

By: *_/s/ Paul Catalano_*

Lucius James Wallace, OBA #16070
Paul M. Catalano, OBA #22097
7715 East 111th Street, Suite 106
Tulsa, OK 74133

(918) 747-5300 / (918) 471-2223 (Fax)
luke@LukeWallaceLaw.com
paul@LukeWallaceLaw.com

and

Timothy J. Sostrin, IL #6290807, *Pro hac vice pending*
KEOGH LAW, LTD
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
tsostrin@keoghlaw.com
312-726-1092
*Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**